THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HENRY E. HOLZE, Defendant-Appellee.

Second District   No. 76-246

Opinion filed December 2, 1977.

William E. Sisler, State's Attorney, of Freeport (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Jerrold R. Beger, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court of Stephenson County suppressing physical evidence which was seized from defendant's person. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) The evidence suppressed consists of a transparent cylindrical plastic cannister or bottle of white pills which contained a controlled substance (amphetamines) and a plastic bag containing cannabis.

On March 31, 1976, at approximately 12:30 a.m., Illinois State Trooper Ronald R. Klosinski was on patrol in his marked squad car on U.S. Route 20 east of Freeport, Illinois. At that location Route 20 is a four-lane

highway with two eastbound and two westbound lanes divided by a wide median. Trooper Klosinski was eastbound on Route 20 when he noticed a vehicle proceeding the opposite direction with only one headlight. He turned his vehicle around at the junction of Rock City Road and began to follow the other automobile. At that time he noticed that the vehicle, which had originally been in the righthand lane, had gone partially over into the lefthand lane and then back into the righthand lane. He then activated the red lights on his squad car and pulled the other vehicle over to the right hand side of the road. As soon as Trooper Klosinski activated the red lights on his squad car the other vehicle responded by slowing down and pulling over. Trooper Klosinski then activated his spotlight which illuminated the driver's area inside the stopped vehicle and exited his squad car. He approached the stopped vehicle to speak to the driver who was still seated in the car. This was a rural area and both the officer and the other driver, hereinafter referred to as the defendant, were alone in their vehicles at this time. Trooper Klosinski asked to see defendant's driver's license and vehicle registration card and informed the defendant that he had been stopped because he only had one headlight. The defendant produced a valid Illinois driver's license but informed the officer that he did not have a registration card because the vehicle belonged to a friend of his and, further, that defendant was not aware that there was a headlight out on the vehicle. During this conversation with the defendant the officer noticed that defendant's eyes appeared to be glassy and bloodshot, that there was an odor of alcohol which appeared to be coming from the defendant, and that defendant's speech also seemed slurred. The officer invited the defendant to step outside the car to inspect the headlight which was out. The officer's testimony indicated that part of the purpose of this request was to see how defendant walked before arresting him for driving while intoxicated. As defendant exited the vehicle the officer observed an open beer can sitting on the floorboard directly in front of where defendant had been sitting in the vehicle. As defendant walked toward the front of the vehicle to inspect the headlight the officer noted that there was a slight sway to his walk and further that defendant kept his right hand in his coat pocket. There was apparently some conversation at this point with regard to the open beer can in the car, during which defendant claimed that it did not belong to him. Thereafter the officer asked defendant to place his hands on the hood of the vehicle and spread his feet apart, following which the officer conducted a patdown of the defendant.

Prior to conducting this patdown, the officer had not noticed anything in defendant's pockets except that he kept his hand in the righthand pocket of the coat. The officer stated in his testimony that his intention at the time he asked the defendant to place his hands on the hood of the car

was to arrest him for driving while intoxicated. The officer, however, did not specifically advise the defendant that he was under arrest for driving while intoxicated. The officer also indicated in his testimony that, although defendant had been cooperative and had not made any threatening or insulting remarks to the officer, he was somewhat concerned for his own safety because defendant kept one hand in his pocket throughout their conversation outside the vehicle.

During the patdown of defendant the officer discovered a large, hard object in the righthand coat pocket of the defendant. He stated that at that point he did not have the "vaguest idea what it was." He then placed his hand inside the pocket and removed the object, which turned out to be the transparent plastic container of white pills (amphetamines) noted above. This container is approximately 2-2½ inches long and 1-1½ inches in diameter. The officer examined the pills and noted that, based on his experience, they appeared to be amphetamines. He then advised defendant that he was under arrest for possession of a possibly controlled substance. Defendant was then handcuffed and a further search was made of his person. At that time the officer discovered the plastic bag which apparently contained cannabis, as well as several other items in the righthand coat pocket of the defendant. After the officer placed defendant in his squad car he returned to defendant's vehicle, picked up the beer can and determined that it contained approximately 2-3 ounces of beer which still bubbled.

Thereafter defendant was transported to the Stephenson County jail. As a result of the above incident, defendant was charged with (1) possession of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)); (2) possession of more than 2.5 grams but less than 10 grams of cannabis (Ill. Rev. Stat. 1975, ch. 56½, par. 704(b)); (3) improper lighting of the vehicle (Ill. Rev. Stat. 1975, ch. 95½, par. 12—211); (4) illegal transportation of an alcoholic beverage (Ill. Rev. Stat. 1975, ch. 95½, par. 11—502); and (5) driving while intoxicated (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)). Approximately two hours after the initial stop of the defendant he was given a breathalyzer test and the results of this test indicated .04 and .05 percent of blood alcohol. As a result of these readings, the citation for driving under the influence of alcohol was voided by Trooper Klosinski.

Immediately following Trooper Klosinski's testimony the court ruled that it would grant defendant's motion to suppress the evidence in question. Although the judge recognized that the defendant was properly stopped for driving with only one headlight and that there were "other suspicious circumstances," he stated in part that he did not believe there was any probable cause for an arrest for driving under the influence, either before or after the arrest. Thereafter the judge filed a

memorandum in support of his order suppressing the evidence, stating in relevant part:

"The charge of driving under the influence of alcoholic liquor dismissed by the officer was subsequent to the arrest for controlled substances, and although a custodial arrest situation cannot justify a previous search if unlawful. Further the 'probable cause for arrest' observations of the officer were strongly refuted by the low breathalizer readings of .04 and .05 per cent, casting some doubt on those probable cause observations by the officer."

The trial judge also ruled that there was an insufficient showing of necessity for self-defense to justify the search and seizure of the plastic container of pills in this case. Finally, he concluded,

"The entire incident not falling within the purview and purpose of the Stop and Frisk Statute, Chapter 38, Section 108—1.01, any search prior to a custodial arrest is in violation of the constitutional right of the defendant against said search and seizure and as stated heretofore the evidence is ordered suppressed."

On this appeal the State takes the position that the search in question and resulting physical evidence recovered from the person of the defendant should not have been suppressed. The State argues first that the officer was justified in frisking the defendant under the circumstances of this case and that therefore the subsequent discovery of the evidence was justified. Alternatively, the State takes the position that this was a valid search incident to a lawful arrest. The defense claims that because the officer did not inform defendant he was under arrest prior to the search it could not have been incident to the arrest. The defense asserts further that if any search of defendant's person was permitted by the Illinois stop and frisk statute, the permissible scope thereof was exceeded when the officer reached into defendant's pocket and recovered the container of pills.

■■ We first examine the question of whether the search in this case was proper as being "incident to" an arrest. As defendant has properly pointed out, an arrest for a minor traffic violation does not justify a search of the violator. (*City of Chicago v. Wender* (1970), 46 Ill. 2d 20, 262 N.E.2d 470.) The fact that the car was being driven with only one headlight clearly falls into the category of a minor traffic violation. As defendant has also pointed out, the officer had not informed him that he was under arrest for any other violations at the time the search was commenced. The ultimate question to be resolved, therefore, is whether such advice was necessary in this case. Before answering this question we examine the circumstances known to the officer at the time he undertook the search to determine whether there was probable cause for an arrest on any other more serious charges at that time.

■■ As noted earlier, the officer had observed that defendant's eyes

were glassy and bloodshot; that there was an odor of alcohol about him; that he swayed slightly when he walked; that the car had swerved out of its lane for no apparent reason at one point; and that there was an open beer can sitting on the floor of the car in front of the driver's seat. We believe that this evidence was sufficient to give the officer probable cause to arrest the defendant for driving while intoxicated. Indeed, we note that the officer's testimony was to the effect that he fully intended to do so at the time he undertook the search. We are well aware that the trial court reached the opposite conclusion but we find the trial court was in error in this regard. The trial court gave no indication that it did not believe the officer's testimony with regard to the circumstances of the arrest herein and indeed that testimony stands uncontradicted in this record. We also note that the trial judge apparently placed a significant amount of reliance on the results of the breathalyzer test. The uncontradicted testimony of the officer, however, was that there was a time lapse of approximately two hours between the time of the arrest and the time the test was administered. Despite this time lapse, the reading of the defendant was significantly close to the point at which the test results could be considered with other evidence in determining whether defendant was under the influence of intoxicating liquor. (See Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(c).) We do not believe that the test results from two hours later are determinative of whether there was probable cause to arrest defendant at the time the search was begun. Based on the facts known to the officer at that point, the officer was clearly justified in believing that defendant had been drinking. The only remaining question was the extent to which defendant was under the influence of alcoholic liquor. Under the circumstances herein, the officer was justified in taking defendant into custody to determine that question and, indeed, would be neglecting his duty if he failed to do so.

■■ We have no doubt that the offense of driving while intoxicated is indeed a serious violation of the traffic laws. A court appearance is required (Ill. Rev. Stat. 1975, ch. 110A, par. 551) and the bail in such cases is provided for separately than that in offenses denominated "minor traffic offenses." (Ill. Rev. Stat. 1975, ch. 110A, pars. 526(a), 526(c).) Because there was probable cause to arrest defendant for driving while intoxicated we do not reach the question of whether there was also probable cause to arrest defendant on any charges other than the headlight violation at the time of the search herein.

Having concluded that Trooper Klosinski had probable cause to arrest defendant for the serious offense of driving while intoxicated, we now reach the question of whether it was necessary to inform defendant that he was arrested before a search was undertaken. Our research discloses that the majority of cases dealing with this question appear to have been

decided by the Federal courts. Various Federal courts have upheld searches as being incident to a lawful arrest even though they were undertaken before defendant was advised that he was under arrest. This position has been taken by the Federal courts with regard to searches of property (*see e.g., United States v. Jenkins* (2d Cir. 1974), 496 F.2d 57, 72-73, *cert. denied* (1975), 420 U.S. 925, 43 L. Ed. 2d 394, 95 S. Ct. 1119; *United States v. Shkoza* (S.D.N.Y. 1975), 406 F. Supp. 1065, 1071), as well as people (*United States v. Peep* (8th Cir. 1974), 490 F.2d 903, 907; *United States v. Skinner* (8th Cir. 1969), 412 F.2d 98, 102-04, *cert. denied* (1969), 396 U.S. 967, 24 L. Ed. 2d 433, 90 S. Ct. 448.) We have been unable to discover a case with facts exactly parallel to those herein. In *United States v. Skinner*, the police were looking for a bank robber. They had a fairly detailed description and the suspect had fled into a certain limited geographic area. Two officers located a person fitting the description sitting at the lunch counter of a hotel. One officer approached the man and asked him to identify himself and then asked if he could search the man. The man consented and a search was undertaken, during which the officer discovered a handful of bullets in one of his pockets. Thereafter the man was arrested and further searched. The bullets, a pistol and money were all recovered from the person of the defendant. In upholding the search of the defendant in *Skinner*, the Eighth Circuit Court of Appeals concluded that it was justified as a search incident to arrest without regard to the fact that the defendant apparently consented. The court declined to attempt to state exactly when the arrest had occurred and instead stated:

> "We hold that where the government sustains its burden of proving that a police officer had probable cause for arresting a suspect for a felony and where it is clear that evidence seized in a contemporaneous search of the suspect's person was in no way necessary to establish probable cause, the search is incidental to the arrest. The search is valid whether it took place moments before or moments after the arresting officer took the suspect into actual custody or announced his intention of so doing." (412 F.2d 98, 103.)

In upholding a search of a motorcycle saddlebag as incident to an arrest the Second Circuit Court of Appeals succinctly concluded:

> "Any other holding would, without rational basis, exalt form over substance." *United States v. Jenkins* (2d Cir. 1974), 496 F.2d 57, 73.

The only Illinois case which we have been able to discover which deals with the issue involved herein is *People v. Johnson* (1975), 28 Ill. App. 3d 799, 329 N.E.2d 464. In that case the police were looking for a person who had entered an apartment and raped and robbed one of its occupants. They had a description of the youthful assailant given by three separate

people and had been informed that he had entered a particular building. When they inquired in the building they were told that some young people lived in a particular apartment and proceeded to that apartment. They recognized defendant as a person whom they had stopped earlier in the evening. As the police officers approached defendant in the apartment he reached over towards a couch next to where he was sitting. One of the officers put his hand in the same place and recovered a sharp object, a can opener, after which defendant was arrested. A sharp object had been held to the throat of the rape victim. The defendant claimed that the can opener should have been suppressed because it was not seized incident to his lawful arrest but prior thereto. With almost no discussion the court adopted the reasoning of the Federal cases and upheld the search.

■■ ■ We, too, find the reasoning of the Federal cases persuasive. Under the circumstances herein it is clear that the officer had probable cause to arrest the defendant on at least one serious charge at the time the search was undertaken. Further, we note that the search was initially a very limited patdown of the defendant; the only object which the officer attempted to take was the hard object which he discovered. We further note that this was night and in a rural area and that the officer stated he was apprehensive because of the fact that defendant had kept his hand in the one pocket wherein the hard object was discovered. The marijuana was seized only after defendant was formally told that he was under arrest. Under all the circumstances herein we believe that the officer was justified in undertaking this limited search, even though he had not formally advised defendant that he was arrested for driving while intoxicated. It is clear that both the arrest and the search were almost contemporaneous. We believe, as did the court in *Jenkins*, that when an officer has probable cause to effect an arrest which justifies a search of the offender, it would be merely to exalt form over substance to require that the officer advise the offender he was under arrest before undertaking a reasonable search of his person incident to that arrest. We can see nothing to be gained by imposing such an additional technical requirement.

Because we have concluded that the search herein was justified as a search incident to a lawful arrest we need not resolve the questions of whether perhaps defendant was actually arrested before the search was undertaken or whether the search could be justified under the stop and frisk rationale. For the reasons stated herein, the judgment of the trial court suppressing the physical evidence seized from defendant's person is reversed and the case is remanded for further proceedings.

Reversed and remanded.

SEIDENFELD and NASH, JJ., concur.